# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, <br><br> Plaintiff, <br> vs. <br><br> JAQUES JOSEPH ALBERT, <br><br> Defendant. | CASE NO. 11cv0573 BEN (MDD) <br><br> **ORDER GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT** <br><br> [Dkt. No. 8.] |

## INTRODUCTION

Plaintiff Liberty Media Holdings LLC moves for default judgment against Defendant Jaques Joseph Albert seeking $100,000 in statutory damages, $2,385 in attorneys' fees, and an injunction against further infringing conduct. (Dkt. No. 8.) Defendant has not appeared or filed any opposition to the motion. Plaintiff brought this action for copyright infringement for Defendant's distribution of Plaintiff's copyrighted images. (Dkt. No. 1.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for default judgment, awards $10,000 in statutory damages, $2,385 in attorneys' fees, and issues a permanent injunction against further infringement by Defendant.

## BACKGROUND

Plaintiff produces copyrighted images, including film productions. (Compl. ¶ 5.) Plaintiff's works are distributed on DVD and over the Internet through a website where consumers pay a monthly

fee to access Plaintiff's works. (Pl's. Mot. for Default J. ¶ 11.) Plaintiff owns copyrights in its works and has registered them with the United States Copyright Office. (Compl. ¶ 8.) Plaintiff alleges that Defendant has distributed at least two of Plaintiff's films to the public and made them available for distribution to others. (Compl. ¶ 10.)

Plaintiff filed this action on March 22, 2011 seeking damages, injunctive relief, costs, and attorneys' fees. (Dkt. No. 1.) Defendant was served on May 10, 2011. (Dkt. No. 5.) Defendant never answered or filed a responsive pleading. On August 25, 2011, the Clerk entered default against Defendant based on his failure to answer or otherwise respond to the Complaint. (Dkt. No. 6.)

## DISCUSSION

### I.   Default Judgment

Plaintiff is entitled to default judgment against Defendant. Once default has been entered by the Clerk, it is within the district court's discretion to grant default judgment against that party. FED. R. CIV. P. 55(b)(2); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). When considering default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (citations omitted); *see also* FED. R. CIV. P. 8(b)(6) ("[a]n allegation — other than one relating to the amount of damages — is admitted if a responsive pleading is required and the allegation is not denied").

The Court may consider the following factors, articulated in *Eitel v. McCool,* when determining whether to grant default judgment: "(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy . . . favoring decisions on the merits." 782 F.2d at 1471-72.

All the *Eitel* factors weigh in favor of granting default judgment. "A plaintiff must meet two requirements to establish a prima facie case of copyright infringement: (1) ownership of the allegedly infringed material and (2) violation by the alleged infringer of at least one of the exclusive rights granted to copyright holders." *LGS Architects, Inc. v. Concordia Homes of Nev.*, 434 F.3d 1150, 1156 (9th Cir. 2006) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) and

17 U.S.C. § 106). As outlined above, Plaintiff has alleged all the necessary elements for a cause of action for copyright infringement. Taking these allegations to be true, as the Court must, the Complaint supports Plaintiff's claim for copyright infringement. Further, because Plaintiff has sufficiently plead the claim asserted and Defendant has not responded, dispute as to material facts is unlikely.

Additionally, Plaintiff will be prejudiced if default judgment is not entered because Plaintiff has no other means to recover for Defendant's infringing conduct. There is nothing before the Court that suggests that the lack of response from Defendant was the result of excusable neglect. The sum of money at stake is not significant when the Court considers it in relation to Defendant's conduct. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). And finally, while there is a strong policy favoring disposition on the merits, that option is not available where, as here, Defendant failed to appear. *Id.* at 1177. Because all of the *Eitel* factors weigh in favor of granting default judgment, the Court **GRANTS** Plaintiff's motion for default judgment against Defendant.

**II.    Damages**

Plaintiff is entitled to $10,000 in statutory damages from Defendant. Plaintiff seeks $100,000 in statutory damages under § 17 U.S.C. § 504(c). Section 504(c)(1) provides for statutory damages between $750 and $30,000 for each work infringed "as the court considers just." Damages may be increased up to $150,000 per work on a finding that the infringement was committed willfully and reduced to as little as $200 per work on a finding that the infringer did not know and had no reason to know the conduct was infringing. 17 U.S.C. § 504(c)(2).

Plaintiff has identified two works that have been directly infringed by Defendant. Plaintiff seeks $50,000 per violation, for a total of $100,000. Because Plaintiff has not established through evidence that Defendant's infringement was willful and Defendant has not appeared to assert a lack of knowledge, enhanced or reduced statutory damages are not warranted. However, statutory damages are warranted for Defendant's infringing conduct. Accordingly, the Court awards Plaintiff $5,000 per violation, for a total of $10,000 in statutory damages.

///

///

### III. Injunction

Plaintiff is also entitled to a permanent injunction enjoining Defendant from infringing Plaintiff's copyrighted materials pursuant to 17 U.S.C. § 502(a). Section 502(a) authorizes the Court to issue injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Accordingly, the Court orders that:

> Defendant is hereby permanently restrained and enjoined from directly or indirectly infringing upon the Plaintiff's copyrighted works, whether now in existence or later created, that are owned or controlled by Plaintiff (or any parent, subsidiary, or affiliate of Plaintiff), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiff's works, to distribute (i.e. upload) any of Plaintiff's works, or to make any of Plaintiff's works available for distribution to the public, except pursuant to a lawful license or with the Plaintiff's express authority. Defendant also shall destroy all copies of Plaintiff's works that Defendant has downloaded onto any computer hard drive or server and shall destroy all copies of those downloaded works transferred onto any physical medium or device in Defendant's possession, custody, or control.

### IV. Attorney's Fees

Finally, Plaintiff is entitled to attorney's fees pursuant to 17 U.S.C. § 505. Section 505 authorizes recovery of reasonable attorney's fees to the prevailing party. Accordingly, the Court finds Plaintiff is entitled to $2,385 in attorney's fees.

### CONCLUSION

Plaintiff's motion for default judgment and a permanent injunction against Defendant is **GRANTED**. Judgment is entered in favor of Plaintiff and against Defendant in the amount of $10,000 in statutory damages and $2,385 in attorneys' fees.

**IT IS SO ORDERED.**

DATED: December 30, 2011

_____
Hon. Roger T. Benitez
United States District Judge